IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

FRANK DEWHART                                                                      PLAINTIFF

       v.                             Civil No. 12-2290

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                                     DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

Plaintiff, Frank Dewhart, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for supplemental security income ("SSI") under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

### I.   Procedural Background:

Plaintiff filed his SSI application on November 30, 2009, alleging disability since November 5, 2009[2], due to spinal stenosis, enlarged heart, and diabetes. Tr. 195, 217, 260. The Commissioner denied Plaintiff's applications initially and on reconsideration. Tr. 61-62. An administrative hearing was held on July 19, 2011. Tr. 28-59. Plaintiff was present and represented by counsel.

---

[1] Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

[2] This date appears on premised on the fact that Plaintiff had filed a previous application for benefits that had been denied by the Administrative Law Judge in November 2009, concluding that Plaintiff was not disabled at any time between December 5, 2007, and November 3, 2009. Tr. 117-128. An even earlier application was denied at the initial level in 1987. Tr. 199, 209. However, these decisions were administratively final and are not at issue in the present case.

At the time of the hearing, Plaintiff was 44 years old, possessed a special education diploma, and had no past relevant work experience. Tr. 31, 225.

On August 2, 2011, the ALJ found Plaintiff's cervical stenosis, hypertension, obesity, diabetes mellitus, and borderline intellectual functioning (BIF) to be severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 15-17. After partially discrediting Plaintiff's subjective complaints, the ALJ determined that he retained the residual functional capacity ("RFC") to

> occasionally lift/carry ten pounds, frequently lift/carry less than ten pounds, stand/walk for two hours during an eight-hour workday, sit for six hours during an eight-hour workday, and occasionally climb, balance, crawl, kneel, stoop, crouch, and work overhead. The claimant is able to perform work where interpersonal contact is incidental to work performed; complexity of tasks is learned and performed by rote, with few variables, requiring little judgment; and supervision required is simple, direct, and concrete.

Tr. 17. With the assistance of a vocational expert, the ALJ then concluded Plaintiff could perform work as a small product assembler, machine operator, and inspector. Tr. 22.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on September 18, 2012. Tr. 1-6. Subsequently, Plaintiff filed this action. ECF No. 1. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos.17, 19.

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and the ALJ's opinion, and are repeated here only to the extent necessary.

## II. **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir.

2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that has lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or

mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.  Discussion:

Plaintiff contends that the ALJ erred in concluding that he did not meet the requirements of Listing 12.05. Listing 12.05 defines mental retardation as "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R. pt. 404, subpt. P, app.1, § 12.05. A claimant will be considered mentally retarded if he meets one of four sets of requirements, including the requirement contained in section 12.05C, which requires a "valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function. *Id*.

The evidence of record reveals that Plaintiff has a verbal IQ of 67, a performance IQ of 78, and a full scale IQ of 70. Tr. 287. And, the ALJ determined that Plaintiff suffered from severe impairments including cervical stenosis, hypertension, obesity, and diabetes mellitus that limited him to sedentary work. Therefore, there is no question that Plaintiff meets both the IQ and other severe impairment requirements of Listing 12.05C. *See Maresh v. Barnhart*, 438 F.3d

897, 899 (8th Cir. 2006) (holding ALJ's determination that Plaintiff also suffered from personality disorder, which he found to be severe, was enough to establish a physical or other mental impairment imposing additional and significant work-related limitation of function). The sole issue is whether his deficits in adaptive functioning initially manifested prior to his attainment of the age of 22. And, we find that remand is necessary to allow the ALJ to develop the record in regard to this issue.

At present, the record reveals that Plaintiff struggled through special education classes in high school with a GPA of 0.73. Tr. 279. *Id.* at 900 (holding that Plaintiff's enrollment in special education classes through the ninth grade was sufficient to establish manifestation during the developmental period). Plaintiff told Dr. James Moneypenny that he had "briefly" lived independently prior to his incarceration, but was residing with his sister at the time of his arrest. Tr. 66, 67, 287. The record does not, however, contain any information indicating the length of his independent living attempt or the reason he moved in with his sister. In fact, at the hearing, Plaintiff testified that he had never lived alone. Tr. 46.

Plaintiff served a 10 year sentence for conspiracy to deliver cocaine, after which he spent approximately six months in a halfway house. He then moved in with his brother. Tr. 76. The ALJ stated that Plaintiff's independent living was a factor that weighed against his mental retardation claim. However, because the record was not properly developed with regard to his attempt at independent living, remand is necessary.

As for Plaintiff's work history, it appears that Plaintiff worked at a variety of general labor/assembly type positions, but was never able to hold down a job long-term. Tr. 64-69, 219.

AO72A
(Rev. 8/82)

And, the ALJ concluded that Plaintiff had no PRW.  Accordingly, we believe that further development of the record is also necessary in this area.

And, lastly, the ALJ discredited Plaintiff's claim of mental retardation because Dr. Moneypenny diagnosed Plaintiff with borderline deficient intellectual functioning rather than mental retardation.  However, a formal diagnosis of mental retardation is not required to fall within the confines of section 12.05 . *Id*. at 899.  The Plaintiff need only meet the listing requirements stated in section 12.05. *Id*. Accordingly, the ALJ erred in giving any credence to the lack of a diagnosed mental deficiency in this case.

We also note that the record does not contain a mental RFC assessment.  On remand, the ALJ should recontact Dr. Moneypenny to obtain said assessment or order a consultative mental evaluation complete with both IQ testing and a complete mental RFC assessment.  *See Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003) (RFC finding must be supported by some medical evidence).

## IV.    Conclusion:

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).  **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 6th day of February 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)